

7800 Shoal Creek Blvd., Suite 171-E
Austin, TX 78757
voice/tdd: 512.454.4816
intake: 800.252.9108
fax: 512.323.0902
infoai@advocacyinc.org
www.advocacyinc.org

March 5, 2007

Dear Ms. Cardenas:

This letter will serve as the required notification that the collective bargaining agreement will expire on May 31, 2007, and it will not be renewed by Advocacy, Inc.. This action is being taken in accordance with Section 8(d) of the National Labor Relations Act and notice of the termination of the agreement is being sent to the Federal Mediation and Conciliation Service as required by the Act. Advocacy, Inc. will maintain the conditions of employment that are set forth in the contract except for those term and conditions applying to recognition of and bargaining with the Communication Workers of America and its Local No. 6182 due to an inherent conflict of interest that has recently by discovered by the Employer. Advocacy, Inc. will be forced to resolve this situation by withdrawing recognition of Local No. 6182 unless this conflict of interest can be resolved.

As you know, Advocacy Inc. recently began a State School initiative in which it is rendering legal services in state schools, hospitals and/or centers operated by the State of Texas on a much larger scale than it has in the past. Advocacy, Inc. employees have been attempting to educate members of the Texas Legislature concerning serious problems within the state schools in Texas, and the Executive Director has issued a letter recently expressing concern about conditions in Lubbock State School and urging closure or downsizing of that facility. Recently an employee of Advocacy, Inc. picked up the enclosed circular issued and distributed by CWA Local 6186. As you can see, that organization has a primary legislative objective to "[s]top all plans for closure or privatization of any state school, hospital or center." Subsequent research indicates that CWA Local 6186 has long advocated the cessation of efforts to close or privatize any facility of this type by the State of Texas. Advocacy, Inc .was unaware of the CWA Local 6186's actions until a few days ago since it wasn't that active in the aforementioned institutions.

As previously noted, due to Advocacy's increased participation in rendering legal services to persons with disabilities in state schools it recently became aware of this inherent conflict of interest in positions. Our choice is to withdraw recognition of Local 6182 or to try obtain a knowing and voluntary waiver of the conflict of interest that exists from our clients that reside in state schools and have serious disabilities. Recently, a potential conflict of interest arose on different issue in an Advocacy case involving a person with mental illness and developmental delays who was frequently institutionalized. Because of the client's disabilities, it was necessary for Advocacy, Inc. to hire an expert to examine the client and determine whether the client could make a knowing and voluntary waiver of the potential conflict of interest. The expert's fee for this conflict assessment was $3000- and this amount was after the expert reduced his normal fee by approximately $2500.



Protection and Advocacy for Texans with Disabilities

With the recent increase in new cases from state schools, one can readily see that Advocacy, Inc.'s costs per case for an impartial third party to make sure that each state school client understands his or her rights and the potential conflict would increase the budget substantially. Funds that are expended in this manner, even if they were available in the budget, would take away funds that could potentially be utilized to assist clients to move into the community and to close or downsize state schools. In addition, there is always the question of whether under these unique circumstances (i.e., a conflict of interest which results because of the different objectives of two locals of the Communication Workers of America) could adequately be explained to a patient in one of these institutions.

Accordingly, we have no choice but to withdraw recognition of Communication Workers of America, Local 6182 under the circumstances unless CWA Local 6182 can get the conflict of interest situation resolved internally by the close of business on Thursday, March 8, 2007. If the CWA is willing and able to completely resolve this conflict of interest, then Advocacy, Inc. will not withdraw recognition of CWA Local 6182. Otherwise, recognition will be withdrawn by the opening of business, March 9, 2007.

Sincerely,

*Ron Brown* * msf

Ronald E. (Ron) Brown, Chair
Advocacy, Inc. Board of Directors

\* Signed by permission

DATE:       March 9, 2007

TO:         All Staff

FROM:       Mary Faithfull, Executive Director

SUBJECT:    Advocacy, Inc. Board Withdraws Recognition of Union Contract Effective Immediately

Effective immediately, the Board of Advocacy, Inc. (hereinafter "AI" or "the Organization") withdraws recognition of its previous contractual relationship with the Communication Workers of America, and its Local No. 6182 ("the Union"). This action is necessary due to an untenable conflict of interest in the respective organizations' priorities, practices, goals and responsibilities toward Texans with disabilities residing in state-funded institutions (e.g., state schools, state hospitals and other settings in which state employees interact with residents with disabilities).

Specifically, the Union's commitment to "defeat privatization, downsizing, and other attacks on workers and on public services," and efforts to stop attempts to prevent closure and/or consolidation of mental health and mental retardation facilities and services are in direct conflict with AI's federal mandate and established priorities.

As one example, under its Community Integration priority, AI is actively pursuing the goal of a mandatory closure plan for large ICF-MR facilities, including state schools, and dedicating the funds, (funding used currently to provide services to individuals in the institution and potential earnings and future savings) to appropriately support those individuals in the community, and apply those funds to community based services. The Union's active opposition to this goal, including its alliances with other organizations who openly oppose it, creates a strong conflict for AI which is bound to carry out the Organization's federal mandate of protection and advocacy for persons with disabilities, including those living in state-operated institutions such as state schools, state hospitals and state prisons.

At the time the conflict of interest was discovered during the week of February, 26, 2007, teams of AI staff members were in the midst of conducting a series of site visits to various state schools. The visits were prompted by the December 2006 release of an alarming Department of Justice report citing numerous instances of abuse, neglect and civil rights violations endured by residents of the Lubbock State School. Upon learning of the conflict, the AI teams were recalled from the field and work with state school residents was suspended temporarily.

On March 5, 2007 AI's Board of Directors gave notice of its intention to withdraw recognition unless the Union sufficiently modified its position and practices to remove the conflict by close of business March 8, 2007. The Union did not make the requested modifications within the timeframe and did not request an extension of the deadline. The conflict of interest remains. Therefore, the AI Board of Directors is forced to withdraw recognition of the contract with the Union.

### Of Interest to Employees

o  AI's mandated responsibility to protect and advocate for people with disabilities through all of our programs and services is unchanged.

o  The decision to withdraw recognition of the Union contract will have no effect on staff salaries, benefits, vacation or sick leave.

o  Personnel policies and procedures outlined in the Collective Bargaining Agreement will remain in place at least through May 31, 2007. Lacking a recognized agreement, however, AI will not recognize the Union in collective bargaining related to terms and conditions of employment or to represent staff members in grievances, appeals or other personnel matters. Since the review process for the proposed changes to the Caseloads and File and Case Reviews policies was not completed prior to this action, the existing policies will remain in place at least through May 31, 2007.

o  Beginning March 9, 2007, payroll will not deduct Union dues from employee paychecks.

o  Effective immediately, AI staff will resume state school site visits and other activities related to protection and advocacy for state school residents, including those who have expressed a desire to live in the community.

## Elva Cardenas

**From:** Judith Alley
**Sent:** Wednesday, July 11, 2007 10:55 AM
**To:** Elva Cardenas
**Subject:** RE: longevity pay/language suplement

The longevity is still in place. The language supplement was specific for three years as stated in the CBA so to my knowledge, it will not be continued this year.

**From:** Elva Cardenas
**Sent:** Wednesday, July 11, 2007 10:45 AM
**To:** Judith Alley
**Subject:** longevity pay/language suplement

Did ya'll do away with the above?



7/11/2007