# AFFIDAVIT OF BRIAN EAST

"My name is Brian East, I am over 18 years of age, and I have direct knowledge of the facts that I am setting forth in this affidavit.

1. "I am a Senior Attorney in the Legal Services Unit of Advocacy, Inc. I am also a member of Communications Workers of America Local 6182 (hereinafter "Local 6182"), which is a Plaintiff in the instant lawsuit. In the past I have served as an officer of Local 6182, and I have also served as a member of Local 6182's CBA negotiating team for the last three contracts."

2. "I have known of the Texas State Employees Union's legislative position—opposing the closing of state schools and state hospitals in Texas—for several years. Our own Local 6182 has always opposed that TSEU position, and Local 6182 has always agreed with Advocacy management that these facilities should be closed as soon as possible, and their clients served in the community rather than in an institutional setting."

3. "On or about Friday, March 2, 2007, at 4:00 p.m.., I attended a meeting with Advocacy's Executive Director Mary Faithfull. Also present by phone was Ronald Brown, Chair of the Advocacy Board of Directors. Elva Cardenas, President of Local 6182, also participated. At that time Management first advised us that Advocacy Inc. would no longer recognize Local 6182 as the representative of the employees because of an alleged conflict of interest. The sole basis given for this purported "conflict" was a TSEU flyer or handbill they had seen advocating that the Texas Legislature not close Texas state schools."

4. "On or about the following Monday, March 5, 2007, Management called a meeting of the entire Advocacy staff and speaking through speakerphone, Mr. Brown gave the staff the same information. I informed Mr. Brown that Local 6182 was as opposed to the TSEU position as Management was, but that TSEU was a completely separate local and had no control over us. I asked Mr. Brown if he had *any* reason to think that TSEU had any control over Local 6182, and he offered no such reason."

6. "Later that day or the next, at the request of our Local's President, I spoke to Local 6182's counsel, and asked that he call Management's counsel to see if the problem could be resolved. He reported back to me that Management's counsel offered no new suggestions for resolution. At no time did Management indicate that they had any reason to believe that Local 6182 was controlled by TSEU, nor did they ever indicate any belief that the Local even *agreed* with the TSEU legislative agenda. We do not, and at least in the ten or eleven years that I have been a member of Local 6182, never have."

The above is true and correct according to my personal knowledge.

Brian East, Affiant

AFFIDAVIT OF BRIAN EAST                                                                                                 1

Before me, the undersigned authority, personally appeared Brian East, who stated upon his oath that the statements in his above and foregoing affidavit are true and correct.

Subscribed and sworn to me on this 3rd day of ~~July~~ August 2007.



Notary Public in and for the
State of Texas
My commission expires: 1-21-09

AFFIDAVIT OF BRIAN EAST                                                           2

AFFIDAVIT OF CURRIE HALLFORD

Currie Hallford, being duly sworn, states upon his oath as follows.

1. "My name is Currie Hallford. My statements in this Affidavit are based upon my personal knowledge. I am employed by the Communications Workers of America as a CWA Representative. I am a fulltime salaried employee of the international union. I have been employed as a CWA Representative for 21 years. My basic duties and responsibilities are to provide advisory and representative services on behalf of the international union to various CWA locals as assigned to me by CWA. I am familiar with the constitution, policies and practices of the international union.

2. "CWA Local 6182 is one of the locals within my assignments as a CWA Representative. Local 6182 has been within my assignments for approximately 10 years. I am personally familiar with the relationship and division of responsibilities between Local 6182 and CWA. Advocacy, Inc. is the only employer that Local 6182 deals with. Local 6182 functions with almost complete autonomy. Occasionally, Local 6182 requests my advice on the wording of contract negotiation proposals or on basic union administration matters. If requested, I provide advice to Local 6182 in such matters. However, my role in these requests is advisory and only upon request.

3. "Neither I nor any other agent of the CWA international union dictates contract proposals to Local 6182. Other than the limited advisory role described in the preceding paragraph, neither I nor any other agent of the CWA international union participates in collective bargaining negotiations, labor-management discussions, grievances, or other representational matters toward the employer, Advocacy, Inc., on behalf of the union. I do provide more direct representational services for some other CWA locals to which I am assigned; however, by longstanding agreement between Local 6182 and the CWA international union, Local 6182 has the authority and the responsibility to manage and conduct its own labor relations business.

4. "Local 6182 has the responsibility and full authority to police and enforce the collective bargaining agreement with Advocacy, Inc."

5. "Texas State Employees Union ("TSEU") is a CWA local. TSEU is separate and autonomous local that does not interact with CWA Local 6182. TSEU 's Legislative objectives are in no way binding on CWA Local 6182 and do not apply to members of CWA Local 6182.

_____
Currie Hallford

Before me, the undersigned authority, personally appeared Currie Hallford, who is known to me, and stated upon his oath the statements in his foregoing Affidavit are true, correct, and based upon personal knowledge.

Subscribed and sworn to before me on the 18th day of July 2007, as attested by my hand and seal of office.

JESSIE L. FREEZE-SKRET
MY COMMISSION EXPIRES
April 26, 2011

_____
Notary Public in and for Travis County, Texas

My commission expires  4-26-2011



## AFFIDAVIT OF ED PINKELMAN

1. "My name is Ed Pinkelman. I have personal knowledge of the facts I am stating in this Affidavit."

2. "I am employed by the Communications Workers of America ('CWA') as an Area Director in District 6, which is the international union's administrative unit covering CWA locals and bargaining units in Texas, Oklahoma, Arkansas, Missouri, and Kansas. My office is located in the office of District in Austin, Texas. My duties and responsibilities require me to be familiar with the matters addressed in this Affidavit."

3. "Texas State Employees Union ('TSEU') is an organization which is affiliated with CWA as a CWA local. TSEU is the same organization as CWA Local 6186. CWA Local 6186 a/k/a TSEU is the CWA local having the chartered jurisdiction to represent employees of the State of Texas and its agencies. CWA Local 6186 a/k/a TSEU does not represent or speak for employees of Advocacy Incorporated, nor does it purport to do so. The CWA local having the chartered jurisdiction to represent employees of Advocacy Incorporated is CWA Local 6182, a different and separate local from TSEU a/k/a CWA Local 6186. As separate locals, Local 6182 and Local 6186 have their own bylaws, their own meetings, their own officers, and their own labor relations dealings with the respective employers."

4. "CWA Local 6186 a/k/a TSEU does not negotiate collective bargaining contracts on behalf of its state employee members because state law does not permit collective bargaining between the State and its employees. In contrast, CWA Local 6182 collectively bargains with Advocacy Incorporated as the exclusive

representative of Advocacy employees under federal labor law applicable to private sector employment."

Ed Pinkelman
Ed Pinkelman

Before me, the undersigned authority, personally appeared Ed Pinkelman, who is known to me, and who stated upon his oath that the statements of fact contained in the above and foregoing Affidavit are based upon his personal knowledge and are true and correct.

Subscribed and sworn to before me on the 1st day of August 2007.



JESSIE L. FREEZE-SKRET
MY COMMISSION EXPIRES
April 26, 2011

Notary Public

My Commission Expires: 4-26-2011

FORM NLRB-501

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

INSTRUCTIONS
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 16-CA-25477 | 3/7/07 |

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| Advocacy, Inc. | | |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 7800 Shoal Creek Blvd., Suite 171-E<br>Austin, Tx 78757 | Ronald E. Brown,<br>Board Chair | 512-454-4816<br>Fax No.<br>512-323-0902 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Office | Legal & Advocacy |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (3) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the National Labor Relations Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about March 5, 2007, the above referenced employer flagrantly violated the Act by threatening the Charging Party and the bargaining unit with imminent withdrawal of recognition from the Charging Party as exclusive representative of the employees on March 9, 2007 on the illegitimate grounds of a non-existent conflict of interest.

The employer's threat and anticipated fulfillment thereof constitute discrimination against employees in coercion of and reprisal for their support of the Charging Party in violation of Sections 8(a)(1) and (3), refusal to bargain collectively in good faith with the Charging Party in violation of Sections 8(a)(1) and (5), and unilateral abrogation of written terms of agreement in violation of Section 8(d) of the Act.

The Charging Party requests that the Board speedily pursue injunctive relief under Section 10(j) of the Act to order the employer to cease and desist from withdrawing recognition from the Charging Party, for urgent and compelling reasons including but not limited to those set forth on Exhibit B hereto, which is expressly adopted and incorporated by reference into this Charge.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Communications Workers Of America

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone No. |
|---|---|
| 2600 Via Fortuna, Suite 260, Austin, Tx 78746 | (512) 330-0871<br>Fax No. |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization.
Communications Workers Of America, AFL-CIO

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _[signed] David Van Os_    Title **Attorney**

Signature of representative or person making charge David Van Os

| Address | Telephone No. | Date |
|---|---|---|
| 3617 Broadway Street # 301<br>San Antonio, Tx 78209 | (210) 821-1700<br>Fax No.<br>(210) 821-1701 | March 7, 2007 |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRIS[ONMENT]